2012R00271/RA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Crim. No. 13-512 |
| WILLIAM CARLUCCI | : | 18 U.S.C. § 1349 |

I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1. At various times relevant to this Information:

   a. West Orange Pharmacy was a pharmacy located in West Orange, New Jersey.

   b. Defendant WILLIAM CARLUCCI resided in Florham Park, New Jersey. WILLIAM CARLUCCI was a pharmacist licensed by the State of New Jersey and a co-owner of West Orange Pharmacy.

   c. Co-conspirator Robert Carlucci resided in Florham Park, New Jersey. Robert Carlucci was a pharmacist licensed by the State of New Jersey and a co-owner of West Orange Pharmacy.

   d. Co-conspirator L.S. resided in East Hanover, New Jersey. L.S. was a pharmacist licensed by the State of New Jersey and a co-owner of West Orange Pharmacy.

   e. Medicaid was a jointly funded, Federal-State health insurance program that provided certain health benefits to the disabled, as well as to individuals and families with low incomes and resources ("beneficiaries"). Medicaid was created on July 30, 1965, through Title XIX of the Social Security Act. See

Title 42, United States Code, Section 1396 *et seq.* In New Jersey, the Medicaid Program was administered by the New Jersey Department of Human Services, and was funded with approximately 50% Federal monies. The remaining 50% was paid by the State. Medicaid was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

 f. Various private health care insurance companies (the "private insurers") provided health care insurance to individuals and entities under various insurance policies. The private insurers were health care benefit programs as defined in Title 18, United States Code, Section 24(b).

 g. West Orange Pharmacy billed, and was paid by, Medicaid and the private insurers for providing prescription drugs to patients insured by Medicaid or the private insurers.

## The Conspiracy

2. From in or about 1997, through in or about September 2012, in the District of New Jersey, and elsewhere, the defendant,

WILLIAM CARLUCCI,

did knowingly and willfully conspire and agree with Robert Carlucci, L.S., and others to execute a scheme and artifice to defraud health care benefit programs, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, those health care benefit programs, in connection

2

with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

## Object of the Conspiracy

3. The object of the conspiracy was for defendant WILLIAM CARLUCCI, Robert Carlucci, and L.S. to unlawfully enrich themselves by submitting false and fraudulent claims to Medicaid and the private insurers.

## Methods and Means of the Conspiracy

4. It was part of the conspiracy that defendant WILLIAM CARLUCCI, Robert Carlucci, and L.S. submitted and caused West Orange Pharmacy to submit claims to Medicaid and the private insurers that falsely and fraudulently represented that health care benefits, namely prescription drugs, had been provided to patients insured by Medicaid or the private insurers.

5. It was further a part of the conspiracy that the co-conspirators utilized a practice the co-conspirators referred to as "TRADE-QUICK" to underfill patients' prescriptions and bill Medicaid and private insurers' as though the prescription had been completely filled. Each letter in "TRADE-QUICK" corresponded to a number beginning with "1" and ending with "0." The co-conspirators entered a two-letter code into the West Orange Pharmacy computer system that represented the amount of the prescription to fill. For example, the code "QK" indicated

that a prescription for 90 dosage units would instead be filled at 60 dosage units.

6. It was further a part of the conspiracy that the co-conspirators substituted generic drugs for the brand-name drugs prescribed by patients' physicians and billed Medicaid and the private insurers for the full amount of the prescribed brand name drugs. The co-conspirators entered the prescribing physician's phone number into the West Orange Pharmacy computer system to reflect this scheme.

7. It was further a part of the conspiracy that the co-conspirators filled outstanding refills on a given prescription without the patient's knowledge and then billed Medicaid and the private insurers for the refills. The co-conspirators entered a dot (".") into the West Orange Pharmacy computer system to reflect this scheme.

8. It was further a part of the conspiracy that when the co-conspirators lost money on a given prescription, they looked through a patient's profile and found additional costs that they then billed to Medicaid and the private insurers. The co-conspirators entered "COV" into the West Orange Pharmacy computer system to reflect this scheme.

9. It was further a part of the conspiracy that the co-conspirators purchased prescription drugs from non-licensed wholesalers at a substantial discount to the drugs' wholesale price. The co-conspirators dispensed these discounted drugs to

patients and then billed Medicaid and the private insurers for the full costs associated with the drugs.

10. It was further a part of the conspiracy that the co-conspirators purchased written prescriptions from patients without filling the prescriptions and billed Medicaid and the private insurers for the full amount of the prescription. For instance, a physician would write five prescriptions to a patient, the patient would sell two of the prescriptions to the co-conspirators, and the co-conspirators billed Medicaid and the private insurers for all five prescriptions. The co-conspirators frequently used this scheme with expensive drugs, such as those used for the treatment of HIV.

11. It was further a part of the conspiracy that the co-conspirators filled prescriptions for customers, purchased the prescription drugs back from the customers, and then reused those prescription drugs to fill other prescriptions. The co-conspirators billed Medicaid and the private insurers for the full amount of the filled prescriptions.

12. As a result of the false and fraudulent claims submitted by the co-conspirators, Medicaid and the private insurers made payments to West Orange Pharmacy totaling at least $1.5 million dollars.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. The allegations contained in pages one through five of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of an offense in violation of Title 18, United States Code, Section 1349, alleged in Count One of this Information, defendant WILLIAM CARLUCCI shall forfeit to the United States any property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense. The property to be forfeited includes $558,717 in U.S. currency.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of property described above in paragraph 2.

All in violation of Title 18, United States Code, Section 981(a)(1)(C) and 28 United States Code, Section 2461(c).

                                                     _____
                                                     PAUL J. FISHMAN
                                                     United States Attorney

CASE NUMBER: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

WILLIAM CARLUCCI

INFORMATION FOR

18 U.S.C. § 1349

PAUL J. FISHMAN
UNITED STATES ATTORNEY
*NEWARK, NEW JERSEY*

Rahul Agarwal
*ASSISTANT U.S. ATTORNEY*
973-297-4395

USA-48AD 8
(Ed. 1/97)